UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DELMY MAGALY HIDALGO CENTENO**
**#A232-273-013**

**CASE NO.  3:26-CV-01606 SEC P**

**VERSUS**

**JUDGE TERRY A. DOUGHTY**

**TAE D JOHNSON ET AL**

**MAGISTRATE JUDGE PEREZ-MONTES**

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for a Temporary Restraining Order Enjoining Transfer [Doc. No. 2] filed by *pro se* Petitioner, Delmy Magaly Hidalgo Centeno ("Petitioner"). Petitioner, a native and citizen of El Salvador, entered into the United States without inspection approximately three years ago.[1] She was detained in New Jersey at an unknown date.[2] She was taken into county custody initially, but later released and re-detained by Immigration and Customs Enforcement.[3] The Court notes that Petitioner has been separated from her minor child due to detention.[4] Moreover, Petitioner remains detained at Richwood Correctional Center in Monroe, Louisiana, where she remains today.[5]

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] to request the Court to order a prompt bond hearing, order release, prohibit from transferring her

---

[1] [Doc. No. 1, p. 1].
[2] [Id.].
[3] [Id. at pp. 1–2].
[4] [Doc. No. 2].
[5] [Doc. No. 1, p. 1].

out of the district and the United States while the case is pending, and appoint counsel for representation.[6]

In the pending Motion before the Court, Petitioner seeks a stay of removal, specifically requesting the Court to enjoin Respondents from transferring Petitioner out of the Western District of Louisiana, and/or the United States during the adjudication of her Habeas Petition.[7] For the reasons stated below, Petitioner's Motion fails.

As a threshold matter, the Court recognizes that a *pro se* petitioner's filings are held to less "stringent standards" than filings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The Court now addresses the merits.

The Fifth Circuit has ruled that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). Even if Petitioner were to be removed from the United States, this Court would maintain jurisdiction to rule on her Habeas Petition. *See id.*; *see also Zalawadia v. Ashcroft*, 371 F.3d 292, 297–98 (5th Cir. 2004).

---

[6] [Id. at p. 2].
[7] [Doc. No. 2, p. 1].

Thus, the Court does not have the authority to issue a stay of Petitioner's removal. Accordingly, this argument fails.

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order Enjoining Transfer [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 18th day of May 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE